**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
|  | **JOINTLY ADMINISTERED CASE** |
| In re: | Case No. 09-22371-BKC-RAR |
|  | Chapter 11 |
| BERNARD KOSAR, |  |
| Debtor. |  |
| _____/ |  |
| In re: | Case No.: 09-22377 |
|  | Chapter 11 |
| MANTUA LAND COMPANY, LLC |  |
| Debtor |  |
| _____/ |  |

**RESPONSE TO KEYBANKS MOTION FOR ENTRY OF AN ORDER**
**PURSUANT TO 11 U.S.C. §§362(D) AND 553 MODIFYING**
**THE AUTOMATIC STAY AS TO DEBTOR MANTUA LAND COMPANY INC.**

**[This Pleading is filed outside of the limits of Local Rule 5005-1(F)(1)**
**due to intervening negotiations with Movant]**

COMES NOW, DEBTOR, MANTUA LAND COMPANY, LLC, by and through its undersigned counsel, and files this its Response to Keybank's Motion for Entry of an Order Pursuant to 11 U.S.C. §§362(d) and 553 Modifying the Automatic Stay as to Debtor Mantua Land Company from the Automatic Stay, and as grounds therefore would state:

1.      On June 19, 2009, Debtor Mantua Land Company LLC filed for relief pursuant to Chapter 11 of the Bankruptcy Code.  As reflected on Debtor's schedule A, Debtor is the owner of various parcels of real estate located in Portage County, Mantua, Ohio which is secured by a mortgage to Keybank in the amount of $3,116,128.20.

2.      Keybank's filed its motion for relief based on 11 U.S.C. § 362(d) and 11

U.S.C. §553 in order to setoff funds in Mantua's account on which it placed an administrative hold, to reduce the outstanding balance owed by Mantua to Keybank.

3.      Keybank also filed a separate motion to dismiss this case based on it being a single asset real estate case (D.E. #115 main case and D.E.#25 Mantua). Debtor filed its objection to said Motion to Dismiss (D.E. #169 main case and D.E. 28 in Mantua).

4.      Pursuant to 11 U.S.C. § 362(d) cause must exist for the Court to grant relief from stay.  Keybank alleged that it is not adequately protected which warrants the basis for relief from stay.

5.      However, Debtor's schedules reflect the value of the properties which are the subject of this motion as having a value of $3,144,315.00 with a secured lien to Keybank of $3,116,128.20.  Furthermore, Keybank has made no effort or attempt to discuss adequate protection with Debtor's counsel.

6.      Keybank further asserts that they are entitled to setoff of the funds in the Debtor's bank account.  Although 11 U.S.C. §553 recognizes a creditor's right of setoff Keybank's right may be avoided.  "A creditor may not exercise a right to setoff if such exercise is contrary to the terms of a confirmed plan that provides for payment of the creditors' claim on other terms."  *United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 39 C.BC. 2d 391 (3d Cir), cert, denied, 525 U.S. 929, 119 S.Ct., 336, 12 L.Ed. 2d 277 (1988).* Notwithstanding that a plan has not been confirmed or filed in this case, the code has put forth provisions (as outlined below in ¶8) which allow for the filing of a plan prior to a creditor obtaining relief from stay.

7.      Mantua filed its petition in good faith, with an intent to put forth a plan of

reorganization.

8.      Keybank indicated in its motion to dismiss, this Debtor is a single asset

real estate" case.  However, the code added a provision wherein secured creditors in

"single asset real estate" cases can be granted relief from the automatic stay. Based on

the provision set forth in 11 U.S.C. § 362(d)(3), Keybank is not entitled to relief from

stay,

> "unless, not later than the date that is 90 days after the entry
> for relief [. . .] –. . .
> > (A) the debtor has filed a plan of reorganization that
> > has a reasonable possibility of being confirmed within
> > a reasonable time; or
> > (B) the debtor has commenced monthly payment."

11 U.S.C. § 362(d)(3).  This 90 day period has not yet expired. In fact it has only been

70 days since the filing of the bankruptcy petition by Mantua.

9.      No cause exists to grant Keybank's relief from the automatic stay.

The debtor has not engaged in fraud, dishonesty or gross mismanagement and is not

incompetent.  A "single asset real estate" case is not a *per se* bad faith filing and this

case can be distinguished from the post 1994 amendment single asset real estate

cases that applied the Phoenix Piccadilly factors of a bad faith filing.  See Phoenix

Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.), 849 F.2d 1393 (11th

Cir. 1988)  This debtor has the potential to propose a confirmable plan, and there is

nothing inherent about this case that would prevent the debtor from so doing.


WHEREFORE, Debtor, Mantua, respectfully urges this court to deny Keybank's

Motion for Entry Pursuant to 11 U.S.C. §§362(d) and 553 Modifying the Automatic Stay

as to Debtor Mantua Land Company,  and enter an order accordingly.

I HEREBY CERTIFY that the foregoing Response and Objection to Keybank's Motion for Entry of an Order Pursuant to 11 U.S.C. §§362(d) and 553 Modifying the Automatic Stay as to Debtor Mantua Land Company, been forwarded this 3rd day of September, 2009 by U.S. Mail or Electronic Mail as set forth on the Service List listed below.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: September 3, 2009

Respectfully submitted,

Frank, White-Boyd, P.A.
Attorneys for Debtor, Mantua Land Company, LLC
11382 Prosperity Farms Road
Suite 230
Palm Beach Gardens, Florida 33410
(561) 626-4700

By:   /s/ Nadine V. White-Boyd
Nadine V. White-Boyd, Esq.
Florida Bar Number 0184144

## SERVICE LIST

**Notice Provided By Electronic Mail To:**
Julianne R. Frank fwbbnk@bellsouth.net, mgarbnk@bellsouth.net
Stephen C. Hunt shunt@arnstein.com,
    sch.ecfnotices@gmail.com;amroot@amstein.com
Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
Nadine V. White-Boyd nwbbnk@bellsouth.net

**Notice Provided By US Mail To:**
All interested parties on this courts mailing matrix (as attached)
Y:\Client Matters\Kosar\Mantua Land Co\Pleadings\OBJECTION Keybank Motion for Relief from Stay.wpd