Tagged
ORDERED in the Southern District of Florida on  09/15/09 .



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 09-22371-BKC-RBR |
| BERNARD KOSAR, JR., *et al*, | Chapter 11 (Jointly Administered) |
| Debtors. _____/ | |

### ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER came before the Court for hearing on September 4, 2009, upon the Motion Seeking Determination that Stay has been Willfully Violated and for Sanctions Against Babette Kosar, Alan Perlman and Barry Finkel (the "Motion") [D.E. 109], filed by Debtor Bernard Kosar, Jr. (the "Debtor"). At the hearing, the Court released Babette Kosar ("Ms. Kosar") and Barry Finkel from the Motion.

By way of background, Ms. Kosar is the former spouse of the Debtor. Prior to the Petition Date, as part of the dissolution of marriage, the parties entered into a Marital Settlement Agreement, which was incorporated into a Final Judgment of Dissolution of Marriage dated December 12, 2007 (the "Final Judgment"). The Debtor is in default of certain pre and post-petition obligations under the Final Judgment. Pursuant to 11 U.S.C. § 523, Ms. Kosar asserts the Debtor's obligations under the Final Judgment will be excluded from discharge.

A hearing in the state court marital proceeding was considered on July 21, 2009, which took no action on/or against any assets which constitute property of the estate. The Debtor has since

filed the Motion based on that hearing and the corresponding order dated July 31, 2009.

Section 362(b) of the Bankruptcy Code provides that the filing of a petition does not operate as a stay of a civil proceeding for "the collection of a domestic support obligation from property that is not property of the estate." 11 U.S.C. § 362(b)(2)(B). As such, a former spouse of a debtor may proceed in a civil action to compel compliance with pre-petition orders so long as property of the estate would not be used to satisfy the claim. See *In re Montana*, 185 B.R. 650, 652-53 (Bankr. S.D. Fla. 1995) (recognizing that the state court has a right to carry out its orders, including contempt, regarding a debtor's failure to pay court ordered support obligations); *In re Mann*, 88 B.R. 427, 429 (Bankr. S.D. Fla. 1988) (state court has a right to enforce debtor's support obligations).

The Debtor had the burden to demonstrate the stay was violated. The Debtor failed to introduce any evidence demonstrating that property of the estate was used to satisfy any portion of the Final Judgment post-petition. The actions taken by Alan Perlman, the bankruptcy attorney of Ms. Kosar, therefore do not rise to the level of conduct that would be subject to a sanction order.

By separate order, the Court will grant modification of the automatic stay to allow Ms. Kosar to collect domestic support obligations from property that is not property of the Debtor estate.

In light of the foregoing, it is hereby

**ORDERED** that the Motion [D.E. 109] is **DENIED**.

###

The Clerk of the Court shall provide copies to:

Julianne Frank, Esq.
Alan Perlman, Esq.